**FILED**
**Sep 04, 2018**
**03:01 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | |
|---|---|
| David Ballard, | ) Docket No.: 2016-01-0186 |
| Employee, | ) |
| v. | ) |
| Brenntag Mid-South, Inc., | ) State File No.: 95768-2015 |
| Employer, | ) |
| And | ) |
| XL Insurance America, Inc., | ) Judge Audrey A. Headrick |
| Carrier. | ) |
| | ) |

## COMPENSATION HEARING ORDER
## GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter came before the Court on August 16, 2018, for hearing on the Motion for Partial Summary Judgment filed by Brenntag Mid-South, Inc. (Brenntag).[1]

*Procedural History*

This Court approved a settlement of Mr. Ballard's workers' compensation claim in November 2017. Later, Mr. Ballard filed a Petition for Benefit Determination for increased benefits. Brenntag filed the present motion for partial summary judgment asserting that as a matter of law he is not entitled to increased benefits. The Court summarizes the factual background to this motion as follows.

Mr. Ballard worked as a district manager for Brenntag from April 15, 1996, until November 16, 2015, earning approximately $80,000 per year. Mr. Ballard sustained a work injury on October 27. Before his injury, Mr. Ballard simultaneously worked as an operations manager for DUDA Energy, LLC (DUDA), a customer and/or supplier for Brenntag. His employment with DUDA began on August 3. Mr. Ballard admitted he did not disclose his dual employment to Brenntag until after his work injury. During the three months Mr. Ballard worked for DUDA, he earned approximately $27,000. On

---

[1] The Court did not conduct an in-person evidentiary hearing in this case. Instead, the Court gleaned the facts from Brenntag's statement of undisputed facts, pleadings, and exhibits.

November 4, Mr. Ballard signed an Acknowledgement for Termination of Employment with DUDA.[2]

Brenntag terminated Mr. Ballard on November 16 after management discovered his dual employment. It stated the dual employment violated its Code of Business Conduct and Ethics (COC) and Rules of Conduct.

During Mr. Ballard's employment, Brenntag maintained both an Employee Handbook and the COC. He signed an Acknowledgement regarding Brenntag's COC on January 29, 2014.

Brenntag's COC specifically addresses conflicts of interest. The section on conflicts of interest states: "Conflicts of interest or the mere appearance of such a conflict must be avoided. Conflicts of interest arise if employees pursue personal activities or interests to the disadvantage of Brenntag's interests." The COC further provides that "[e]mployees may not accept employment with or provide services to companies competing or doing business with Brenntag or engage in any other kind of competing work or activity."

Brenntag's COC also states that no employees "with confidential information about Brenntag, its suppliers, customers or other business partners may disclose such information to any third party or use such information for his or her personal benefit while employed with Brenntag." This disclosure is only permissible under certain circumstances: if disclosure is made with a valid and enforceable confidentiality agreement; with Brenntag's prior written approval; with prior written approval of a third-party; or, when disclosure is mandated by law and prior notice is given, if possible, to any affected third-party.

Brenntag filed this partial summary judgment motion on May 30 along with a statement of undisputed facts, a memorandum of law, the Affidavit of Linda Crouse, and exhibits. Mr. Ballard filed an Opposition to Defendant's Motion for Partial Summary Judgment with no supporting affidavits. This Court entered an order on July 5 continuing the motion hearing "to permit affidavits to be obtained or depositions to be taken or discovery to be had."[3] T.R.C.P. 56.07.

Brenntag argued Mr. Ballard is not entitled to additional increased permanent partial disability benefits under Tennessee Code Annotated section 50-6-207(3)(D)(ii) (2017) due to his termination for misconduct. It also argued that he would still be employed at Brenntag but for his termination due to his dual employment with a

---

[2] The Acknowledgement indicates Mr. Duda restructured his company on October 30 and eliminated the operations manager position.

[3] Despite the continuance, Mr. Ballard opted not to obtain opposing affidavits. At the motion hearing, Mr. Ballard confirmed he did not intend to file any other documents.

2

competitor. Further, it argued summary judgment is appropriate since Mr. Ballard failed to file any sworn affidavits or depositions.

Mr. Ballard argued Brenntag wrongfully terminated him. He made several arguments regarding Brenntag's handbook and COC, which he asserted did not prevent him from working a second job. Mr. Ballard argued Brenntag treated him differently from other employees with alleged conflicts of interest. Further, he argued Brenntag made misleading statements in its pleadings.

*Law and Analysis*

Under Tennessee Rule of Civil Procedure 56.04, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To meet this standard, Brenntag must either: (1) submit affirmative evidence that negates an essential element of Mr. Ballard's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Brenntag carries this burden, then Mr. Ballard "may not rest upon the mere allegations or denials of [his] pleading" but must respond by producing facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. In other words, Mr. Ballard's response "must do more than simply show that there is some metaphysical doubt as to the material facts." *Payne v. D & D Elec.,* 2017 Tenn. LEXIS 215, at *8-9 (Tenn. 2017). In reaching its decision, the Court must focus on evidence Mr. Ballard presented at the summary judgment stage, "not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Rye* at 265. The Court holds that Brenntag met its burden of demonstrating Mr. Ballard cannot establish an essential element of his case—that he is entitled to increased disability benefits.

Since Brenntag met its burden, the Court must consider whether Mr. Ballard produced facts showing a genuine issue for trial. He failed to respond to the motion as required by Rule 56. Although Mr. Ballard filed an Opposition to Defendant's Motion for Partial Summary Judgment with exhibits, he failed to file any sworn affidavits and/or depositions showing a genuine issue for trial. While his failure to respond does not mandate entry of summary judgment, it does prevent him from disputing any of the facts asserted in the statement of material facts. *See United Serv. Inds., Inc. v. Sloan,* 1988 Tenn. App. LEXIS 592, *4 (Tenn. Ct. App. Sept. 28, 1988) ("An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes.").

Although Mr. Ballard represents himself in this claim, he still "must comply with the same standards to which lawyers must adhere." *Burnette v. K-Mart Corp.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Jan. 20, 2015). Further, courts must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's

3

adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* While Mr. Ballard claimed he had "supporting documentation" to demonstrate Brenntag terminated without proper cause, he presented nothing to support this assertion. Accordingly, the Court accepts the facts provided by Brenntag and holds that Mr. Ballard failed to present facts sufficient to establish a genuine issue for trial.

The Court notes it provided Mr. Ballard with additional time to obtain evidence essential to justify his opposition. It instructed him about his right to hire an attorney and suggested that he consult with the Ombudsman Program. The Court also urged Mr. Ballard to become familiar with the procedural and evidentiary rules of the Court. However, at the motion hearing, he stated he did not intend to submit any affidavits unless he prevailed. Further, Mr. Ballard's statements made during oral argument and exhibits filed without supporting affidavits are insufficient to establish a factual dispute. Because he failed to produce facts showing a genuine issue of material fact for trial, he failed to carry his burden. Accordingly, the Court grants Brenntag's Motion.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants Brenntag's motion for partial summary judgment and dismisses Mr. Ballard's claim for increased benefits with prejudice to its refiling. This ruling does not end his entitlement to ongoing medical benefits for the work injury.

2. Absent an appeal, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Brenntag under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary.

4. Brenntag shall pay the filing fee within five business days of the order becoming final.

5. Brenntag shall file form SD-1 within ten business days of this order becoming final.

4

It is so **ORDERED.**

**ENTERED** September 4, 2018.

_[signature]_

Audrey A. Headrick
Workers' Compensation Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on September 4, 2018.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| David F. Ballard, Employee | X | | X | 224 Hickory Ridge Trail Ringgold, GA 30736 DavidBallard@catt.com |
| Gerry Siciliano, Employer's Attorney | | | X | gms@lutheranderson.com |

_[signature]_ w/permission

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

Groceries      $ _____ per month      Telephone      $ _____ per month

Electricity      $ _____ per month      School Supplies $ _____ per month

Water      $ _____ per month      Clothing      $ _____ per month

Gas      $ _____ per month      Child Care      $ _____ per month

Transportation   $ _____ per month      Child Support   $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____